```
                  UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

MARY WISEMAN,                    )
                                 )
    Plaintiff,                   )
                                 )
              v.               )   NO.  3:10-0250
                                 )   Judge Campbell/Bryant
KEITH LIPINSKI, et al.,          )   Jury Demand
                                 )
    Defendants.                  )

### MEMORANDUM AND ORDER

Pending before the Court is defendants' Motion To Enforce Case Management Order (Docket Entry No. 23) to which plaintiff has filed her response in opposition (Docket Entry No. 24). Pursuant to Local Rule 16.01(d)(4), this motion has been referred to the undersigned Magistrate Judge for disposition.

For the reasons stated in this memorandum, the undersigned Magistrate Judge finds that defendants' motion to enforce case management order (Docket Entry No. 23) should be **granted.**

### Statement of the Case

Plaintiff Mary Wiseman filed her complaint in the Circuit Court for Davidson County, Tennessee, seeking to recover money damages for personal injuries and property damage that she sustained in a traffic accident on Interstate 40 in Davidson County, Tennessee, on February 16, 2009. Her complaint alleges that on the date of this accident a truck being driven by defendant Lipinski "negligently dropped a long metal undercarriage component in the center of the interstate directly in front of Plaintiff's

vehicle then striking the metal object and throwing it against the front of Plaintiff's vehicle then under her vehicle creating a hazardous situation and causing Plaintiff to sustain serious injuries." (Docket Entry No. 1-1 at 2). Named as defendants are Keith Lipinski, the alleged driver of the truck and Cousins Waste Control Corp. ("Cousins"), alleged to be the owner of the truck and Mr. Lipinski's employer. The complaint asserts that defendants were guilty of negligence in several particulars, including negligent maintenance of the truck being driven by Mr. Lipinski.

**Pertinent Procedural History**

On March 12, 2010, defendants filed a timely notice removing the case to this Court based upon diversity jurisdiction (Docket Entry No. 1).

On March 23, 2010, defendants filed their answers in which they admit that on the date of the accident "a drive shaft from the truck being operated by [defendant Lipinski] unexpectedly broke and fell from his vehicle and struck Plaintiff's vehicle." (Docket Entry No. 7 at 2). Defendants in their answers deny all allegations of negligence and assert certain affirmative defenses, including "the intervening and/or superseding negligence of others." (Docket Entry Nos. 6 and 7 at 5).

On May 14, 2010, the Court entered an initial case management order (Docket Entry No. 19), which was filed jointly by counsel for the parties. Significantly, defendants Cousins and Lipinski, in their theories of the case, asserted that their truck

2

"unexpectedly experienced mechanical failure" which occurred as a result of "no negligent conduct on defendants' part." Material to the present motion, this initial case management order established a number of pretrial deadlines, including a deadline of October 8, 2010, for disclosure of plaintiff's expert witnesses and a deadline of December 3, 2010, for disclosure of defendants' expert witnesses.

On November 1, 2010, defendants Cousins and Lipinski filed their motion seeking an independent medical examination of the plaintiff, pursuant to Rule 35 of the Federal Rules of Civil Procedure (Docket Entry No. 21).

On December 7, 2010, the undersigned Magistrate Judge conducted a scheduled follow-up case management conference by telephone with counsel for the parties. During this conference, counsel for defendants Cousins and Lipinski advised the Court that he had recently been notified by plaintiff's counsel that plaintiff Wiseman was still receiving medical treatment for the injuries she sustained in the subject accident, and that her physician had suggested the possible need for an additional surgical procedure. It was further reported that plaintiff Wiseman had not yet decided whether to undergo this additional surgery. Defense counsel expressed his desire to obtain an independent medical examination of the plaintiff and to take the plaintiff's discovery deposition, but stated that he was hesitant to do so until the plaintiff had achieved a maximum medical recovery from her injuries. Defense

counsel sought the involvement of the Court due to the looming deadline of January 14, 2011, for completion of all fact discovery.

During these discussions, counsel for plaintiff raised with the Court the circumstance that gives rise to the present motion. Apparently, plaintiff failed to disclose any expert witness by the October 8, 2010, deadline established in the initial case management order, nor had she sought a timely extension of this deadline. Defendants Cousins and Lipinski, however, prior to their deadline of December 3, 2010, had disclosed two expert witnesses, a safety expert and a mechanical expert. Plaintiff's counsel, during the December 7 telephone conference with the Court, stated that in view of defendants' expert disclosures, he had decided that the plaintiff needed to secure and disclose her own expert witness or witnesses. Counsel for defendants strenuously objected, stating that it was unfair and prejudicial to defendants to allow plaintiff to profit from her own lack of diligence by reopening expired expert disclosure deadlines only after plaintiff had received and studied defendants' timely disclosures.

Following this telephone conference, the Court entered an order which provided, in part, that plaintiff's counsel should return to defense counsel the defense expert reports, and should not use them for any further purpose in this case.

Defendants' motion to enforce the case management order followed shortly thereafter.

**<u>Analysis</u>**

Rule 16 of the Federal Rules of Civil Procedure governs scheduling orders generally, and Rule 16(b)(4) provides as follows:

> (4) **Modifying a Schedule.** A schedule may be modified only for good cause and with the judge's consent.

The advisory committee note to the 1983 amendment to Rule 16(b)(4) states, in pertinent part, that "the court may modify the schedule upon a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."

The Sixth Circuit has stated that "good cause" under Rule 16(b)(4) "is measured by the movant's diligence in attempting to meet the case management order's requirements." <u>Leary v. Daeschner</u>, 349 F.3d 888, 906-07 (6th Cir. 2003) (internal quotation marks omitted). Moreover, "[s]cheduling-order modifications, Rule 16 says, are available 'only for good cause *and* with the judge's consent,' Fed.R.Civ.P. 16(b)(4) (emphasis added), a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" <u>Shane v. Bunzl Distribution USA, Inc.</u>, 275 Fed. Appx. 535, 536 (6th Cir. 2003) (citing <u>Leary</u>, 349 F.3d at 907).

In reviewing a district court's denial of a motion under Rule 16 seeking modification of a scheduling order to allow additional time for discovery, the Sixth Circuit in a recent decision suggested five factors that should be considered:

5

> (1) When the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests.

Bentkowski v. Scene Magazine, 637 F.3d 689, 696 (6th Cir. 2011) (citing Dowling v. Cleveland Clinic Found., 593 F.3d 472, 478 (6th Cir. 2010). Summarizing, the Sixth Circuit stated: "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." Id.

While the pending motion does not relate directly to a party's request for more time to conduct discovery, the undersigned Magistrate Judge finds that the inquiry here is the same – has plaintiff demonstrated diligence in meeting the expert witness disclosure deadline in the scheduling order.

Defendants Lipinski and Cousins argue that, as of the filing of their answers on March 23, 2010, plaintiff was reasonably on notice that defendants would assert that an unforeseeable mechanical failure caused the subject accident and, therefore, that a mechanical expert would be needed. Moreover, on May 14, 2010, the Court entered the initial case management order containing the defendants' theory stating that their truck had "unexpectedly experienced mechanical failure" that occurred as the result of "no negligent conduct on defendants' part." The undersigned Magistrate Judge finds that at least by May 14, 2010, plaintiff was on notice

that an expert inquiry into the nature and cause of the mechanical failure on defendants' truck would be necessary in this case.

Plaintiff in her response (Docket Entry No. 24) suggests two explanations for her failure to meet the expert witness disclosure deadline. First, plaintiff asserts that she had been unable to obtain the discovery deposition of the truck driver, defendant Lipinski, because of a disagreement with defense counsel over the place where this deposition was to be taken.[1] Plaintiff's counsel apparently was unable to resolve this dispute, but filed no motion to have the Court address it. The undersigned Magistrate Judge finds this explanation for plaintiff's failure to comply with the expert disclosure deadline unpersuasive.

Second, plaintiff's counsel argues, at least by implication, that defense counsel had not taken plaintiff's discovery deposition, either, because she was undergoing continued medical treatment, so the case management order deadlines would necessarily require revision for that additional reason. Therefore, plaintiff suggests that her deadline for disclosing experts should be reopened and revised as well. The obvious flaw

---

[1] Apparently, plaintiff's counsel insisted that defendant Lipinski be produced in Nashville for this deposition, while defense counsel maintained that his deposition should be taken in Ohio, where Lipinski apparently resides. Plaintiff filed no motion seeking a ruling on this dispute. Nevertheless, although exceptions may be made based on particular facts in a given case, the general rule is that depositions of parties are to be taken where deponents live and/or work. See Wilson v. Lamb, 125 F.R.D. 142, 144 (E.D. Ky. 1989); Farquhar v. Shelden, 116 F.R.D. 70, 72 (E.D. Mich. 1987).

7

in this argument is that while the plaintiff's deposition testimony would likely be important in determining the nature and extent of her damages, it could not reasonably be expected to shed any light on the nature and cause of the apparent mechanical failure in defendants' truck. Indeed, not having taken plaintiff's deposition did not hinder defendants in making timely disclosures of their expert witnesses in compliance with the scheduling order.

In summary, the Magistrate Judge finds that plaintiff was reasonably on notice at least by the filing of the initial case management order on May 14, 2010, that she may need to employ a mechanical expert in this case. Thereafter, she had almost five months to obtain discovery of facts related to the mechanics of defendants' truck and to have those facts reviewed by an expert, and plaintiff's counsel has offered no persuasive reason for his failure to obtain this discovery. Moreover, besides the disagreement about the place of defendant Lipinski's deposition, plaintiff makes no claim that defendants have been dilatory in responding to discovery. Finally, plaintiff has failed to move for a timely extension of the expert witness disclosure deadline and only brought this matter to the Court's attention during a telephone case management conference two months after plaintiff's expert witness disclosure deadline had expired.

For the reasons stated above, the undersigned Magistrate Judge finds that plaintiff has failed to demonstrate good cause under Rule 16(b)(4) to reopen deadlines for disclosing expert

witnesses, and that defendants' motion to enforce these deadlines should be **GRANTED**.

The Court **VACATES** the provisions of paragraph numbered 3 of its order of December 7, 2010, regarding expert witnesses timely disclosed in compliance with the scheduling order.

The undersigned Magistrate Judge will enter a separate order containing revised deadlines with respect to remaining discovery and pretrial motions.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
