IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARY WISEMAN )
)
v. ) NO. 3:10-0250
) JUDGE CAMPBELL
KEITH LIPINSKI, et al. )

MEMORANDUM

Pending before the Court is Plaintiff's Motion for Sanctions (Docket No. 59), to which Defendants have filed a Response (Docket No. 62). For the reasons stated herein, Plaintiff's Motion is GRANTED in part.

FACTS

This action arises from a motor vehicle crash which occurred in Davidson County, Tennessee, on February 16, 2009. Plaintiff alleges that she was cautiously driving in traffic on Interstate 40 when Defendant Cousins Waste Control Corporation's ("Cousins") vehicle, driven by Defendant Lipinski, "negligently dropped a long metal undercarriage component in the center of the interstate directly in front of Plaintiff's vehicle, then striking the metal object and throwing it against the front of Plaintiff's vehicle, then under her vehicle, creating a hazardous situation and causing Plaintiff to sustain serious injuries." *Id*.

Plaintiff has alleged that the component part thrown from Defendants' vehicle was a drive shaft. Docket No. 59. Plaintiff claims that the U-joint is an important part of the drive line on large trucks and that the U-joint, if not properly greased, can cause the drive shaft to fail. *Id*. Plaintiff further asserts that Defendant Cousins, recognizing its importance, directed the return of the subject U-joint to Cousins. Thereafter, however, Cousins had the U-joint destroyed. *Id*. With no way for

Plaintiff to rebut the argument, Defendants now contend that the subject U-joint was properly greased and that the incident was merely an unforeseen mechanical failure. Docket No. 59.

Plaintiff, through this Motion, asks the Court to sanction Defendants by either (1) striking Defendants' Answer and entering judgment in favor of Plaintiff; (2) precluding Defendants from claiming that the U-joint was properly greased; or (3) requiring Defendants to pay reasonable fees and expenses for the additional discovery required by the destruction of evidence and ruling that the Court will instruct the jury that Plaintiff is entitled to the inference that the U-joint was not properly greased. Docket No. 59.

Defendants assert that a sanction is not appropriate under the facts of this case. Docket No. 62. Defendants claim that Cousins' employees had no reason to retain the subject parts because they were under the false assumption that liability on the part of Cousins was automatic because the parts from its truck caused the damages. *Id.*

## SPOLIATION OF EVIDENCE

A federal court's inherent powers include broad discretion to craft proper sanctions for spoliation of evidence. *Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009). A proper spoliation sanction should serve both fairness and punitive functions. *Id.* at 652. A district court may impose many different kinds of sanctions for spoliation of evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence. *Beaven v. United States Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010).

This Court, in its discretion, finds that the proper sanction under these circumstances is to give an adverse inference jury instruction as to Defendant Cousins at trial, based upon the destruction of this evidence by Cousins. Because Plaintiff has failed to show that Defendant

2

Lipinski, the driver, had any involvement in the decision to discard this evidence, the adverse inference instruction will not apply to him.

An adverse inference sanction serves two purposes: (1) it attempts to place the innocent party in a position similar to where it would have been prior to the destruction of evidence and (2) it imposes a punitive effect on the spoliating party. *Clark Construction Group, Inc. v. City of Memphis*, 229 F.R.D. 131, 139 (W.D. Tenn. 2005).

A party seeking such an adverse inference instruction must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the evidence was destroyed with a culpable state of mind, and (3) that the destroyed evidence was relevant to the complaining party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Beaven*, 622 F.3d at 553. Thus, an adverse inference for evidence spoliation is appropriate if the Defendant knew the evidence was relevant to some issue at trial and its culpable conduct resulted in its loss or destruction. *Id*.

An obligation to preserve evidence may arise when a party should have known that the evidence may be relevant to future litigation. *Beaven*, 622 F.3d at 553 (*cited in Byrd v. Alpha Alliance Ins. Corp.*, 2012 WL 360033 at * 6 (M.D. Tenn. Feb. 2, 2012)). Here, Defendants knew that the thrown component had caused an injury (Plaintiff hitting her chest on the steering wheel), and they specifically asked that the affected parts be returned to them. Defendants knew that the U-joint related to a relevant and disputed issue because they knew that a mechanic in Nashville had opined that the drive shaft broke because the U-joint was not properly greased. Plaintiff has established that Defendants had an obligation to preserve the U-joint and drive shaft at the time they were destroyed.

Whether conduct is culpable depends on the alleged spoliator's mental state regarding any obligation to preserve evidence and the subsequent destruction. *Beaven*, 622 F.3d at 553. An obligation to preserve may arise when a party should have known that the evidence may be relevant to future litigation. *Id*. The culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently. *Id*. at 554. There is no dispute that Defendant Cousins intentionally discarded the parts at issue. Cousins' employees claim that it "did not dawn on" them to keep the parts. They assert that they believed Cousins would be liable for Plaintiff's injuries "automatically," so there was no need to preserve the evidence.

The Court finds that Plaintiff has established the "culpable state of mind" necessary for an adverse inference instruction in these circumstances. Defendant Cousins destroyed evidence known to have been at least allegedly the cause of the injuries to Plaintiff. The discarding of this evidence was no accident.

Finally, Plaintiff must show that the destroyed evidence was relevant to her claims. This element is also satisfied here. Plaintiff has alleged that the component part thrown from Defendants' vehicle was a drive shaft and that the U-joint is an important part of that drive shaft. Plaintiff has also claimed that the U-joint, if not properly greased, could cause the drive shaft to fail.

When a plaintiff is unable to prove an essential element of his case due to the negligent loss or destruction of evidence by an opposing party, it is proper for the trial court to create a rebuttable presumption that establishes the missing elements of the plaintiff's case that could only have been proved by the availability of the missing evidence. *Rogers v. T.J. Samson Community Hospital*, 276 F.3d 228, 232 (6th Cir. 2002) (*cited in Beaven*, 622 F.3d at 555).

Here, Plaintiff cannot inspect, test or show to the jury the U-joint which allegedly allowed the drive shaft to break and cause Plaintiff's injuries. Cousins' destruction of this evidence severely compromises Plaintiff's case. Plaintiff has been prejudiced because this missing evidence is essential to Plaintiff's proof of causation. The sanction of an adverse inference should be available even for the negligent destruction of evidence that is necessary to further the remedial purpose of the inference. *Beaven*, 622 F.3d at 555. Therefore, the Court will instruct the jury that it may presume that the missing evidence would be unfavorable to Defendant Cousins.

With regard to Plaintiff's request for additional discovery and reasonable fees and expenses therefor, that issue is referred to the Magistrate Judge for decision.

IT IS SO ORDERED.

                                                   *Todd Campbell*
                                                   TODD J. CAMPBELL
                                                   UNITED STATES DISTRICT JUDGE